IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

GREGORY TURNER,                    )
                                   )
        Plaintiff,                 )
                                   )
v.                                 )      No. 20-2613-SHL-tmp
                                   )
MERIT SYSTEMS PROTECTION BOARD,    )
                                   )
        Defendant.                 )
_____

REPORT AND RECOMMENDATION
_____

Before the court is a motion to dismiss filed by defendant Merit Systems Protection Board ("MSPB" or "the Board") on January 25, 2021.[1] (ECF No. 13.) On March 25, 2021, *pro se* plaintiff Gregory Turner filed a motion for judicial review. (ECF No. 16.) It is unclear whether Turner intended his motion to be construed as seeking to amend his complaint or as a response to the motion to dismiss. To the extent that Turner intended his filing to serve as an amended complaint, MSPB moved to strike on April 9, 2021.[2] (ECF

_____

[1]Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation, as appropriate.

[2]MSPB alternatively asserts that the motion for judicial review, if construed as an amended complaint, should be dismissed based on the arguments in the motion to dismiss. (ECF No. 17-1, at 3-5.)

No. 17.) Turner filed a response to the motion to strike on April 18, 2021. (ECF No. 19.) For the reasons stated below, it is recommended that the MSPB's motion to dismiss be granted, that Turner's motion for judicial review be denied, and that the MSPB's motion to strike be denied as moot.

## I.    PROPOSED FINDINGS OF FACT

Gregory Turner filed a *pro se* complaint against MSPB on August 17, 2020. (ECF No. 1.) Using a standardized form issued by the clerk's office for *pro se* litigants, Turner checked the box for employment discrimination claims brought pursuant to the Americans with Disabilities Act of 1990 ("ADA"), as codified at 42 U.S.C. §§ 12112-12117. (Id. at 1.) Later in the complaint, Turner checked boxes indicating discriminatory conduct including a failure to accommodate his disability and unequal terms and conditions of his employment. (Id. at 3.) Turner also alleged a violation of the Veterans Employment Opportunities Act of 1998 ("VEOA"), as codified at 5 U.S.C. §§ 3330a-3330b. (Id.)

At the time of the events underlying the complaint, Turner was an employee of the United States Postal Service ("USPS").[3] (ECF No. 1-1, at 1.) Turner asserts that discriminatory acts began on December 6, 2014, and that such acts are still being committed

---

[3]The court construes Turner's allegations regarding his employment as referring to his employer, the USPS, rather than the Board.

against him. (ECF No. 1, at 3.) While Turner alleges discrimination on the basis of disability, the complaint does not indicate the nature of his disability. (Id. at 4.) Under the section on the "facts of the case," Turner wrote that the USPS refused the "Interactive Process" when offering him a job, gave him "Non-Duty/Pay" without an official written notice, and did not offer him limited duty work consistent with his physical limitations. (Id.) Turner indicated that the Equal Employment Opportunity Commission has not issued a Right to Sue Letter. (Id. at 5.)

Turner attached to his complaint a decision before an Administrative Law Judge ("ALJ") of the MSPB. (ECF No. 1-1, at 1.) According to the decision, Turner filed an appeal with the Atlanta Regional Office of the MSPB "alleging that the [USPS] failed to restore him to duty following a compensable injury." (Id.) Turner's appeal was dismissed for lack of jurisdiction. (Id.)

Turner argued that the USPS violated his restoration rights under 5 C.F.R. § 353. (Id.) The ALJ stated that "[Turner] is a partially-recovered employee, i.e., one who cannot resume the full range of regular duties but has recovered sufficiently to return to part-time or light duty or to another position with less demanding physical requirements." (Id. at 2.) According to the decision of the ALJ:

- 3 -

There is no dispute that [Turner] was absent from his
position due to a compensable injury, and that in March
2020, he reached out to Deborah Chapman, Station
Manager, to return to work in a limited duty position.
However, the appellant has not provided nonfrivolous
allegations that he had recovered sufficiently to return
to duty; that the agency had denied his request for
restoration; or that the denial was arbitrary and
capricious. In his submission dated April 22, 2020, he
stated that he "made the choice not [to] accept the
Limited Duty Offer from the Agency" and that he had the
"right to refuse." He also notes that he had a number of
appeals for the last six years and argues that he cannot
be placed on a mail route with his restrictions. He also
asserts that he has effectively been placed on an
indefinite constructive suspension.

(Id. at 3-4 (internal citations and footnote omitted).) The ALJ

noted that "[a]ny restoration claims prior to the March 2020

request were addressed under Docket Nos. AT-0353-14-0838-I-1, AT-

0752-15-0199-I-1, AT-0353-16-0826-I-1, AT-0353-17-0732-I-1, and

AT-0353-20-0023-I-1," and that "[t]he Federal Circuit Court of

Appeals affirmed the decisions under Docket Nos. AT-0353-14-0838-

I-1, AT-0752-15-0199-I-1."[4] (Id. at 4 n.2 (citing Turner v. U.S.

Postal Service, 681 F. App'x 934 (Fed. Cir. 2017).)

The ALJ also stated that Turner "refused to provide updated

medical information" or sign a release allowing the agency access

to his medical records. (Id. at 4.) In addition, the ALJ

acknowledged Turner's assertion "that he is being discriminated

---

[4]The court takes judicial notice of the published proceedings of
the Federal Circuit Court of Appeals in Turner v. U.S. Postal
Service, 681 F. App'x 934 (Fed. Cir. 2017).

- 4 -

against based on a disabling condition." (Id.) The ALJ then stated

as follows:

> After reviewing his submissions, I find that [Turner]
> has not provided nonfrivolous allegations that he had
> recovered sufficiently to return to duty or that the
> agency had denied his request for restoration. The
> agency asserts and [Turner] does not dispute, that when
> he contacted Chapman to return to duty, she requested
> updated medical information that addressed his physical
> restrictions. She stated that he refused to provide that
> information. Likewise, in this appeal, [Turner] has
> refused to cooperate with the agency's efforts to obtain
> updated medical information. Without this information,
> neither the agency nor I can make a determination of
> whether he has recovered sufficiently to return to duty.
> Further, the agency did not "deny" his request to return
> to duty, but merely attempted to make a determination of
> the type of work he can physically perform. Similarly,
> I find that [Turner] did not make nonfrivolous
> allegations that the agency's denial was "arbitrary and
> capricious." Under these circumstances, I find that
> [Turner] has failed to set forth a non-frivolous
> allegation that he was denied restoration.

(Id. at 4-5 (internal citations omitted).) Based on these findings,

the ALJ determined that Turner failed to establish that MSPB had

jurisdiction over his restoration appeal. (Id. at 5.) The ALJ noted

that without jurisdiction over an appealable action, the MSPB

lacked the authority to review Turner's disability discrimination

claims. (Id. at 5 n.3.) Accordingly, the ALJ dismissed Turner's

appeal. (Id. at 5.) The decision advised Turner that it would

become final on August 28, 2020, unless a petition for review was

filed by that date. (Id.)

Turner's motion for judicial review adds the following allegations. Turner has worked for the USPS since June of 1986. (ECF No. 16, at 4.) On November 25, 2014, Turner signed and accepted a limited duty job offer from the USPS. (Id. at 1.) According to Turner, he requested and was denied reasonable accommodations by the USPS on July 11, 2014, August 29, 2014, November 26, 2014, and January 28, 2015. (Id. at 1.) The motion for judicial review also reiterates the allegation from Turner's original complaint that the USPS placed him on "non-pay/duty" without official written notice. (Id. at 2.)

On December 1, 2020, Turner contacted the USPS and spoke with supervisor Robin Berry. (Id. at 3.) When Turner requested to speak with station manager Deborah Chapman, Berry told him that Chapman was on leave. (Id.) Turner then asked how much longer the USPS planned to "keep [him] out of the work place." (Id.) Berry said she did not have an answer for him. (Id.) According to Turner, he has not received any notice of how long the USPS will "keep [him] in a non-duty and non-pay status." (Id.) Turner asserts that the USPS has not informed him of any proposed adverse action against him or how long he will be placed out of work. (Id. at 4.) Turner additionally contends that the USPS refuses to communicate with him to resolve these issues. (Id. at 5.)

- 6 -

According to the motion for judicial review, Turner had to be committed to the hospital for depression and severe anxiety in January of 2015. (Id. at 6.) Turner asserts that he is still affected by depression and anxiety triggered by the discriminatory actions of the USPS. (Id. at 6-7.) Turner attached to his motion for judicial review an independent medical evaluation conducted by Dr. James T. Galyon, MD, on June 11, 2014, which describes Turner's back pain and work restrictions resulting from an injury in October 2006. (ECF No. 16-2, at 2-4.)

## II.   PROPOSED CONCLUSIONS OF LAW

### A.   Standard of Review

"To avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Barnett v. Luttrell, 414 F. App'x 784, 786 (6th Cir. 2011) (internal quotation marks omitted). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Ctr. for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Although the court must view the factual allegations in the light most favorable to the plaintiff, the court need not "accept as true legal conclusions or unwarranted factual inferences, and

- 7 -

[c]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice." In re Travel Agent Comm'n Antitrust Litig., 583 F.3d 896, 903 (6th Cir. 2009) (internal quotation marks omitted).

While courts liberally construe *pro se* pleadings, even a *pro se* complaint must satisfy the plausibility standard. Barnett, 414 F. App'x at 786; see also Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996) ("[T]he lenient treatment generally accorded to pro se litigants has limits."). "Courts 'have no obligation to act as counsel or paralegal' to *pro se* litigants." Matthews v. City of Memphis, No. 2:14-cv-02094, 2014 WL 3049906, at *1 (W.D. Tenn. July 3, 2014) (quoting Pliler v. Ford, 542 U.S. 225, 231 (2004)). "Courts are also not 'required to create' a *pro se* litigant's claim for him." Id. (quoting Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003)).

**B.   MSPB's Motion to Dismiss**

   1.   Disability Discrimination Claims

As a preliminary matter, although Turner seeks to assert an ADA claim of disability discrimination, he cannot maintain such a claim under the ADA based on his employment with the USPS. The ADA excludes the United States and federal employers from its definition of "employer." 42 U.S.C. § 12111(5)(B)(i) ("The term 'employer' does not include - (i) the United States [or] a

- 8 -

corporation wholly owned by the government of the United States .
. . .”); see also Ellis v. Christopher, No. 12-2221-STA-tmp, 2015
WL 419024, at *1 n.1 (W.D. Tenn. Jan. 30, 2015) (“The ADA does not
apply to the federal government, its agencies or employees.”). The
USPS is an “independent establishment of the executive branch of
the Government of the United States.” 39 U.S.C. § 201. As a result,
“a disability discrimination action against the USPS is not
cognizable under the ADA.” Flowers v. Potter, No. 3:05cv052, 2008
WL 697630, at *4 (S.D. Ohio Mar. 11, 2008); see also Rose v.
Runyon, 43 F.3d 1472, 1994 WL 696151, at *1 (6th Cir. 1994) (“The
district court properly found no cause of action [against the USPS]
under the ADA, because the Act specifically provides that the
United States is not an “employer.”) (citing 42 U.S.C. §
12111(5)(B)).

“The Rehabilitation Act, 29 U.S.C. § 791 et seq., rather than
the Americans with Disabilities Act (“ADA”), 42 U.S.C. § 12101 et
seq., provides the exclusive remedy for USPS employees asserting
a claim of disability discrimination.” Verkade v. United States
Postal Serv., 378 F. App’x 567, 577 (6th Cir. 2010) (citing 42
U.S.C. § 12111(5)(B)(i); Jones v. Potter, 488 F.3d 397, 403 (6th
Cir. 2007)); see also Dorsey v. Brennan, No. 1:18-cv-615, 2021 WL
364235, at *4 (S.D. Ohio Feb. 3, 2021). “The Rehabilitation Act,
a parallel statute of the ADA, prohibits the United States Postal

Service, federal agencies, and other programs receiving federal funding from discriminating against any qualified individual with a disability." Bent-Crumbley v. Brennan, 799 F. App'x 342, 344 (6th Cir. 2020) (citing 29 U.S.C. § 794(a)). Accordingly, the court will construe Turner's ADA claim as a claim brought under the Rehabilitation Act. See Plautz v. Potter, 156 F. App'x 812, 816 (6th Cir. 2005); see also Johnson v. Peake, 755 F. Supp. 2d 888, 893 (W.D. Tenn. 2010).

    2.    Proper Defendant

    MSPB argues for dismissal because the complaint names only MSPB as a defendant.[5] According to MSPB, the Postmaster General is the only proper defendant for Turner's claims. Turner's original complaint indicates that he is bringing suit under the ADA for failure to accommodate his disability and unequal terms and conditions of his employment. (ECF No. 1, at 1-3.) The complaint also alleges a violation of the VEOA. (Id. at 3-4.) While the complaint provides allegations as to the conduct of Turner's employer, the USPS, it never mentions the MSPB decision or challenges any of the findings contained therein. (Id. at 1-6.) To

_____

[5]It is unclear whether Turner intended his motion for judicial review to be construed as seeking to amend his complaint or responding to MSPB's motion to dismiss. To the extent Turner intended the motion to be construed as an amended complaint, the motion for judicial review does not name any defendants other than MSPB. (ECF No. 16.)

the extent that Turner intended to assert a standalone claim of disability discrimination under the Rehabilitation Act, the proper defendant is "the head of a federal agency or department." Young v. Dep't of the Treas., No. 2:19-cv-02384-TLP-dkv, 2020 WL 3980796, at *12 (W.D. Tenn. Apr. 9, 2020), report and recommendation adopted, 2020 WL 1939352 (W.D. Tenn. Apr. 22, 2020) (collecting cases); see also Hood v. Brennan, No. 15-1937, 2017 U.S. App. LEXIS 21166, at *6 (6th Cir. Feb. 3, 2017); Lucy-Evans v. Dep't of Veterans Affairs, No. 1:15-CV-432, 2015 WL 7002912, at *1 n.1 (N.D. Ohio Oct. 22, 2015), report and recommendation adopted, 2015 WL 6964575 (N.D. Ohio Nov. 10, 2015). In other words, the proper defendant is the Postmaster General. See Hood, 2017 U.S. App. LEXIS 21166, at *6 ("The Postmaster General is the proper defendant in an employment discrimination action against the USPS.") (citing 42 U.S.C. § 2000e-16(c) (Title VII); 29 U.S.C. § 794a(a)(1) (Rehabilitation Act)).

To the extent that Turner seeks judicial review of the MSPB decision, as he appears to request in his motion for judicial review, the determination of the proper defendant requires a brief discussion of the underlying statutory scheme. "The Civil Service Reform Act of 1978 (CSRA), 5 U. S. C. §1101 et seq., establishes a framework for evaluating personnel actions taken against federal employees." Kloeckner v. Solis, 568 U.S. 41, 44 (2012). "When an

employee complains of a personnel action serious enough to appeal
to the MSPB and alleges that the action was based on
discrimination, she is said (by pertinent regulation) to have
brought a 'mixed case.'" Id. at 45 (citing 29 C.F.R. § 1614.302);
see also Perry v. Merit Sys. Prot. Bd., 137 S. Ct. 1975, 1988
(2017) (defining "mixed cases" as those in which "a federal
employee complains of a serious adverse employment action taken
against him, one falling within the compass of the [CSRA], and
attributes the action, in whole or in part, to bias based on race,
gender, age, or disability, in violation of federal
antidiscrimination laws."). A "mixed case" is "governed by a
comprehensive statutory and regulatory scheme." Brown v. Donahoe,
No. 12-3086-STA-tmp, 2014 WL 652277, at *5 (W.D. Tenn. Jan. 30,
2014), report and recommendation adopted, 2014 WL 652277 (W.D.
Tenn. Feb. 19, 2014) (quoting Bailey v. Henderson, No. 99-4082,
2000 WL 1434634, at *4 (6th Cir. Sept. 21, 2000)).

    "Section 7703 of the CSRA governs judicial review of the
MSPB's decisions." Kloeckner, 568 U.S. at 45. Pursuant to 5 U.S.C.
§ 7703(a)(1), "[a]ny employee or applicant for employment
adversely affected or aggrieved by a final order or decision of
the Merit Systems Protection Board may obtain judicial review of
the order or decision." Under § 7703(a)(2), when a plaintiff "seeks
review of a final order or decision on the merits on the underlying

- 12 -

personnel action," the proper defendant is "the agency responsible for taking the personnel action." In all other proceedings initiated under § 7703(a), the proper defendant is the MSPB. See 5 U.S.C. § 7703(a)(2). Pursuant to § 7703(b)(2), "[c]ases of discrimination subject to the provisions of [§ 7702] shall be filed under section 717(c) of the Civil Rights Act of 1964 (42 U.S.C. 2000e-16(c)), section 15(c) of the Age Discrimination in Employment Act of 1967 (29 U.S.C. 633a(c)), and section 16(b) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. 216(b)), as applicable." The "cases of discrimination" referenced in § 7703(b)(2) are mixed cases. Perry, 137 S. Ct. at 1982; see also Kloeckner, 568 U.S. at 50 ("Under § 7702(a)(1), the 'cases of discrimination subject to [§ 7702]' are mixed cases - those appealable to the MSPB and alleging discrimination.").

The enforcement provision relevant here is that of Title VII, as the Rehabilitation Act incorporates the "remedies, procedures, and rights" of Title VII claims, set forth in 42 U.S.C. § 2000e-16, regarding claims of disability discrimination. 29 U.S.C. § 794a(a)(1); see also Hiler v. Brown, 177 F.3d 542, 545 (6th Cir. 1999). Under this enforcement provision, the proper defendant in civil actions brought under Title VII is "the head of the department, agency, or unit." 42 U.S.C. § 2000e-16(c). Courts have construed this language as meaning "the only proper defendant in

- 13 -

such actions are the heads of a 'department, agency, or a unit'
within the meaning of § 2000e-16." Hancock v. Egger, 848 F.2d 87,
89 (6th Cir. 1988); see also Mulhall v. Ashcroft, 287 F.3d 543,
550 (6th Cir. 2002); Lantz v. United States Postal Serv., No. 2:05-
CV-207, 2006 WL 2882347, at *5 (W.D. Mich. Oct. 5, 2006). As stated
above, courts in the Sixth Circuit have similarly applied this
rule in the context of the Rehabilitation Act. See Young, 2020 WL
3980796, at *12 (collecting cases); see also Hood, 2017 U.S. App.
LEXIS 21166, at *6. At least one court has applied this rule in a
civil action for judicial review of an MSPB mixed case appeal
involving claims arising under the Rehabilitation Act. See Lucy-
Evans, 2015 WL 7002912, at *1 n.1.

The language of § 7703 is somewhat unclear regarding the
proper defendant in mixed case appeals. As one court has explained:

> Unlike 42 U.S.C. § 2000e-16(c), which refers to the
> "head" of the agency as the proper party defendant, 5
> U.S.C. § 7703(a)(2) merely refers to the "agency" as the
> proper party defendant. Use of the word "agency" in
> subsection (a)(2) of § 7703 is made somewhat ambiguous
> by subsection (b)(2) of § 7703 which suggests that
> discrimination cases . . . "be filed under" § 2000e-
> 16(c). It is, therefore, unclear whether § 2000e-16(c)'s
> procedural requirements, including its requirement that
> the agency head be the named party, apply in actions to
> review MSPB orders under § 7703(a)(2).

Tesh v. United States Postal Serv., 215 F. Supp. 2d 1220, 1229
(N.D. Okla. 2002); see also Williams v. Court Servs. & Offender
Supervision Agency for D.C., 840 F. Supp. 2d 192, 197 n.2 (D.D.C.

- 14 -

2012). Sixth Circuit precedent dictates that the procedural
requirements of the relevant federal antidiscrimination statute
apply in actions under § 7703(a)(2) to review MSPB decisions in
mixed case appeals. See Stone v. Merit Sys. Prot. Bd. Dall. Reg'l
Office, 875 F.2d 867, 1989 WL 51403, at *1 (6th Cir. 1989); see
also Williams-Lockhart v. West, No. 94-CV-73804-DT, 1994 U.S.
Dist. LEXIS 19725, at *3 (E.D. Mich. Dec. 20, 1994), aff'd, No.
95-1222, 1996 U.S. App. LEXIS 10121 (6th Cir. Mar. 28, 1996)
(acknowledging that "the agency" was "the proper and only
respondent to be named" under § 7703(a)(2), and holding that "the
head of the agency," the Secretary of the Army, was "the only
proper defendant" in the plaintiff's action seeking review of the
underlying MSPB decision and asserting a Title VII claim).

In Stone, the Sixth Circuit Court of Appeals affirmed a
district court's dismissal of a complaint seeking judicial review
of an MSPB decision in a mixed case based, in part, on the
determination that "the procedural requirements applicable to
claims brought pursuant to 5 U.S.C. §§ 7702 and 7703 require . .
. that the suit must be brought against the head of the involved
federal agency in his official capacity," and because "the only
proper party defendant, the Postmaster General, had not been named
as a defendant." 1989 WL 51403, at *1. In affirming the dismissal,
the Sixth Circuit held that "Stone's *pro se* status does not excuse

- 15 -

his failure to name the Postmaster General as a defendant since
*pro se* litigants are not entitled to a more lenient application of
substantive law." Id. (citing Wolfel v. United States, 711 F.2d
66, 67 (6th Cir. 1983)). The government relies heavily on Stone,
arguing that its holding applies to all individuals who file civil
actions seeking judicial review of MSPB decisions in mixed cases.
However, it is unclear from the Sixth Circuit's opinion in Stone
whether the MSPB dismissed the underlying mixed case appeal on the
merits or for lack of jurisdiction.

The Federal Circuit Court of Appeals has distinguished
between procedural or jurisdictional dismissals and dismissals on
the merits for purposes of determining the proper defendant in
actions for judicial review filed under § 7703(a)(1). See Amin v.
Merit Syst. Prot. Bd., 951 F.2d 1247, 1252 (Fed. Cir. 1991); see
also Spruill v. Merit Sys. Prot. Bd., 978 F.2d 679, 684 (Fed. Cir.
1992). In Amin, the court held that "in cases where . . . the
appeal from the Board's decision presents mixed questions of
procedure and the merits of an agency action, the employing agency
is the proper respondent." 951 F.2d at 1252; see also Williams-
Lockhart, 1996 U.S. App. LEXIS 10121, at *6 ("[T]he employing
agency, rather than the MSPB, is the proper party in cases where
procedural issues are linked to claims regarding the merits of the

MSPB's decision.") (citing 5 U.S.C. § 7703(a)(2); Amin, 951 F.2d

at 1252-54). The court in Spruill elaborated as follows:

> If the issue on appeal is solely one of the procedure or
> jurisdiction of the MSPB, then the proper respondent is
> the MSPB. If the issue is solely the merits of the
> underlying agency action, the agency is the proper
> respondent. If the case raises a mixture of these issues,
> *i.e.*, if the merits of the agency action are reached by
> the MSPB, and at the same time a matter of important
> MSPB procedure or jurisdiction is involved, Amin teaches
> that the employing agency is the proper respondent. In
> such a case, the MSPB need not be unrepresented since it
> may request intervenor status, or . . . in absence of a
> motion to intervene, be given status as amicus curiae.

978 F.2d at 686 (footnote omitted); see also Costello v. Merit

Sys. Prot. Bd., 182 F.3d 1372, 1378-79 (Fed. Cir. 1999); Schall v.

United States Postal Serv., 73 F.3d 341, 343 (Fed. Cir. 1996).

Distinguishing between jurisdictional and merits issues is

not always an easy task. "Just as the proper characterization of

a question as jurisdictional rather than procedural can be

slippery, the distinction between jurisdictional and merits issues

is not inevitably sharp, for the two inquiries may overlap." Perry,

137 S. Ct. at 1986 (citing Shoaf v. Dep't of Agric., 260 F. 3d

1336, 1341 (Fed. Cir. 2001)). In this case, the ALJ couched the

dismissal of Turner's mixed case appeal in jurisdictional terms

but also made a finding relevant to the merits. Specifically, the

ALJ found that "the agency did not 'deny' [Turner's] request to

return to duty, but merely attempted to make a determination of

- 17 -

the type of work he can physically perform." (ECF No. 1-1, at 5.)
Rather than finding only that Turner failed to provide a
nonfrivolous allegation that the USPS denied his request for
restoration, the ALJ found that the USPS did not, in fact, deny
Turner's request. In so finding, the ALJ implicated the merits of
the underlying personnel action.[6] See Perry, 137 S. Ct. at 1987
("In essence, the MSPB ruled that it lacked jurisdiction because
Perry's claims fail on the merits."). Because this case seemingly
presents a mixture of both jurisdictional and merits issues, the
proper defendant is the Postmaster General. This is consistent
with how the D.C. Circuit Court of Appeals handled Perry on remand
from the Supreme Court, ordering that the case be recaptioned to
substitute the United States Secretary of Commerce for the MSPB as
the defendant. Perry v. Ross, 697 F. App'x 18, 18 (D.C. Cir. 2017).
Based on Stone, Perry, and the other cases cited above, the only
proper defendant in this action is the Postmaster General.

---

[6]"Federal employees who have partially recovered from injuries
sustained at the workplace and are able to return to limited duty
have certain restoration rights." Fabisiak v. United States Postal
Serv., 361 F. App'x 144, 147 (Fed. Cir. 2010) (citing 5 C.F.R. §
353.301(d)). The merits determination of "whether reinstatement
was wrongfully denied," is inherently implicated by a finding that
reinstatement was never denied. See id.; see also 5 C.F.R. §
353.304(c) ("An individual who is partially recovered from a
compensable injury may appeal to MSPB for a determination of
whether the agency is acting arbitrarily and capriciously in
denying restoration.").

Courts routinely dismiss Title VII and Rehabilitation Act claims brought against improper defendants. See Hancock, 848 F.2d at 89 ("The proper defendant was not named in this [Title VII] action. Adherence to the statute's requirements is mandatory, and we are neither authorized nor inclined to ignore its mandate."); see also Mulhall, 287 F.3d at 550; Stone, 1989 WL 51403, at *1; Young, 2020 WL 3980796, at *12; Lantz, 2006 WL 2882347, at *5; McDaniel v. Shulkin, No. 1:17 CV 91, 2017 WL 4574549, at *4 (N.D. Ohio Oct. 13, 2017); Johnson v. Bishop, No. 07-CV-13190, 2008 WL 1766647, at *6 (E.D. Mich. Apr. 16, 2008); McGhee v. United States Postal Serv., No. 06-CV-10337-DT, 2006 WL 1851261, at *2 (E.D. Mich. June 29, 2006); Leeds v. Potter, No. 1:04-CV-429, 2005 WL 1420866, at *3 (S.D. Ohio June 15, 2005). Because Turner's complaint names only MSPB as a defendant, the complaint should be dismissed. See Stone, 1989 WL 51403, at *1. To the extent that Turner intended his motion for judicial review to be construed as an amended complaint, his failure to name any defendant other than MSPB similarly warrants dismissal.

3.    Alternative Grounds for Dismissing VEOA Claim

The government provides additional reasons for dismissing Turner's complaint and the claims asserted in his motion for judicial review. In both his original complaint and the motion for judicial review, Turner references the Veterans Employment

Opportunity Act ("VEOA"). The government asserts that even if
Turner had named the proper defendant, the court cannot review his
VEOA claim because he did not raise it before the MSPB and because
he did not satisfy the statutory prerequisites for pursuing a VEOA
claim in district court. (ECF No. 13-1, at 5-6.) Under 5 U.S.C. §
3330a(a)(1)(A), "[a] preference eligible who alleges that an
agency has violated such individual's rights under any statute or
regulation relating to veterans' preference may file a complaint
with the Secretary of Labor." "A decision of the Secretary of Labor
may then be appealed with the MSPB if certain requirements are
met." Johnson v. Sec'y of Veterans Affairs, No. 07-12750, 2008 WL
420023, at *3 (E.D. Mich. Feb. 13, 2008) (citing 5 U.S.C. §
3330a(d)(1) & (2)). An individual seeking to appeal under §
3330a(d) must provide the Secretary of Labor with written
notification of his intent to appeal and must provide the MSPB
with evidence of his compliance with the written notification
requirement. See 5 U.S.C. § 3330a(d)(1) & (2).

Alternatively, "[i]n lieu of continuing the administrative
redress procedure provided under section 3330a(d), a preference
eligible . . . may elect, in accordance with this section, to
terminate those administrative proceedings and file an action with
the appropriate United States district court not later than 60
days after the date of the election." 5 U.S.C. § 3330b(a). "Such

an election must be made in writing and be filed with the MSPB."
Johnson, 2008 WL 420023, at *3 (citing 5 U.S.C. § 3330b(c); 5 C.F.R.
§ 1208.24(a)). "In addition, an election under this section may
not be made: 1) before the 121st day after the date on which the
appeal is filed with the MSPB; or 2) after the MSPB has issued a
judicially reviewable decision on the merits of the appeal." Id.
(citing 5 U.S.C. § 3330b(b)); see also Downs v. Shinseki, No. 3:08-
1045, 2009 WL 1833980, at *1 (M.D. Tenn. June 23, 2009).

Based on Turner's complaint and the attached decision of the
MSPB, it does not appear that Turner raised any violation of the
VEOA in his appeal to the MSPB or elected to discontinue his appeal
under § 3330b. Although Turner cites § 3330b in his motion for
judicial review, he does not dispute that he did not raise the
issue before the ALJ and that he never filed the written election
to terminate the administrative proceedings with the MSPB. (ECF
No. 16, at 3.) To the extent that Turner never raised this claim
before the ALJ, there is no indication that he exhausted his
administrative remedies. See Lucy-Evans, 2015 WL 7002912, at *2
n.4. In addition, failure to comply with the statutory termination
procedures requires dismissal. See Johnson, 2008 WL 420023, at *3
("The Court agrees that, under the applicable statutory framework,
Plaintiff cannot pursue his VEOA claims before this Court because

- 21 -

he never filed the requisite election."). Accordingly, Turner's
VEOA claim should be dismissed on this additional basis.

    4.   <u>Alternative Grounds for Dismissing Remaining Claims</u>

As to the remainder of Turner's claims from his motion for
judicial review, the government similarly asserts that dismissal
is also warranted on alternative grounds. For example, Turner
spends a majority of his motion for judicial review discussing
legal precedent regarding constructive suspension. (ECF No. 16, at
3-6.) The MSPB argues that Turner seeks to raise issues beyond the
scope of the underlying MSPB decision and that his constructive
suspension claim is subsumed by his restoration claim. (<u>Id.</u> at 4-
5.)

"A mixed case may be administratively filed either as an EEO
complaint with the agency, or as an appeal to the MSPB, but not
both." <u>Bailey</u>, 2000 WL 1434634, at *4 (citing 5 U.S.C. § 7702; 29
C.F.R. § 1614.302(b)) (emphasis omitted). "[A]n individual must
elect a forum and exhaust the remedies available to him in that
forum." <u>Ramey v. Ashcroft</u>, No. 4:04 CV 01797, 2005 WL 1637868, at
*4 (N.D. Ohio July 12, 2005); <u>see also</u> <u>Woods-Calhoun v. Potter</u>,
No. 08-2783-STA, 2010 WL 105001, at *3 (W.D. Tenn. Mar. 22, 2010).
An individual, such as Turner, who elects to proceed by filing a
mixed case appeal with the MSPB may seek further review of the
MSPB's final decision by filing a petition for administrative

review with the EEOC or by filing a civil action in district court.
Bailey, 2000 WL 1434634, at *4 (citing 5 U.S.C. § 7703(b)(2); 29
C.F.R. §§ 1614.303-.304 & .310). "This right of review is not a
right to re-adjudicate the same issues in a different forum;
rather, in a mixed case, a final decision from the MSPB exhausts
an individual's administrative remedies and allows him to seek
judicial review." Ramey, 2005 WL 1637868, at *4 (citing McAdams v.
Reno, 64 F.3d 1137, 1141 (8th Cir. 1995)). To the extent that
Turner seeks to raise additional claims that were not before the
ALJ, there is no indication that he exhausted his administrative
remedies regarding those claims. See Lucy-Evans, 2015 WL 7002912,
at *2 n.4. In addition, because judicial review is limited to the
underlying MPSB decision, Turner may not re-litigate findings from
previous MSPB decisions.[7] See Arnold v. Merit Sys. Prot. Bd., 360
F. App'x 151, 153 (Fed. Cir. 2010) ("The scope of [judicial] review
in an appeal from a Board decision is limited.").

Rather than specifying the aspects of the ALJ's decision he
seeks to challenge, Turner focuses the majority of his motion for
judicial review on his assertion that the USPS constructively
suspended him and did so without first providing a pre-disciplinary

---

[7]As stated above, the ALJ specifically noted that Turner's
restoration claims arising prior to March 2020 were addressed under
previous decisions of the MSPB and by the Federal Circuit Court of
Appeals in Turner, 681 F. App'x at 934. (ECF No. 1-1, at 4 n.2.)

interview.[8] The ALJ briefly addressed Turner's assertion of constructive suspension, determining that Turner's "rights and remedies for the period he was off work are subsumed in the restoration appeals process." (ECF No. 1-1, at 5 n.4 (citing Kinglee v. United States Postal Serv., 2010 M.S.P.B. 153, ¶ 19 (2010)).) The government maintains that under the Board's decision in Kinglee, Turner's allegations of constructive suspension are subsumed within his restoration claim and cannot be construed as a separate claim.

In Kinglee, the Board acknowledged that constructive suspension claims may arise "when an employee who is absent from work for medical reasons asks to return to work with altered

---

[8]Turner's due process claim based on the lack of a pre-disciplinary interview relies primarily on Ward v. United States Postal Service, a case in which a federal employee was removed from employment based on misconduct without notice that the deciding official took the instance of misconduct into consideration after learning of it through ex parte communications. 634 F.3d 1274, 1280 (Fed. Cir. 2011). Turner does not allege that he was removed from his employment for any misconduct or as the result of any disciplinary action. Rather, in his motion for judicial review, Turner alleges that he "signed and accepted [a] Limited Duty Job Offer" from the USPS in November 2014. (ECF No. 16, at 1.) If the USPS removed him from duty without pay at some other time, Turner has not alleged when in his complaint or motion for judicial review. Additionally, the ALJ's opinion indicates that "[t]here is no dispute that [Turner] was absent from his position due to a compensable injury." (ECF No. 1-1, at 3.) Although Turner also relies on Ward in discussing case law related to ex parte communications, he does not provide any factual allegations as to any ex parte communications. (ECF No. 16, at 2.)

duties, and the agency denies the request." Id. at ¶ 17 (citation
omitted). However, the Board found that the "rights and remedies"
associated with the appellant's constructive suspension claim
regarding the period of time he was not assigned work were
"subsumed in the restoration appeal process." Id. at ¶ 19. The
Board explained that "the appellant's absence, even if deemed to
be agency-initiated, stemmed from the agency's determination that
it lacked operationally necessary tasks within the appellant's
medical restrictions. Whether the agency acted properly in making
this determination constitutes the merits of his restoration
appeal." Id. at ¶ 20 (internal citation omitted). The Board
emphasized that "viewing the appellant's constructive suspension
claim as subsumed by the restoration claim is consistent with the
principle of excluding other avenues of relief where a
comprehensive scheme exists regarding the rights and remedies at
issue." Id. at ¶ 22 (citing United States v. Fausto, 484 U.S. 439
(1988)); see also 5 C.F.R. §§ 353.301, .304. Consistent with the
decision of the MSPB in Kinglee and the policy considerations
explained by the Supreme Court in Fausto, the undersigned submits
that the rights and remedies associated with Turner's constructive
suspension claim are subsumed by the appeal process for his
restoration claim, and that the circumstances of this case do not
give rise to an independent constructive suspension claim. As a

- 25 -

result, Turner's arguments relating solely to constructive
suspension do not challenge the ALJ's decision on his restoration
claim in any relevant way.

Based on the above, even if the court construes Turner's
motion for judicial review as an amended complaint and finds that
it names the proper defendant for this action, dismissal of the
amended pleading is nevertheless proper.

    5.    Motion to Strike Amended Pleading

The MSPB asserts that to the extent Turner's motion for
judicial review constitutes an amended pleading, the filing should
be stricken pursuant to Fed. R. Civ. P. 12(f), under which "[t]he
court may strike from a pleading an insufficient defense or any
redundant, immaterial, impertinent, or scandalous matter." The
MSPB points out that Turner's motion for judicial review does not
comply with Fed. R. Civ. P. 10(b), which provides that "[a] party
must state its claims or defenses in numbered paragraphs, each
limited as far as practicable to a single set of circumstances."
A *pro se* litigant's violation of Rule 10(b) will rarely prove fatal
to a complaint on its own. See Evans v. Mercedes Benz Fin. Servs.,
LLC, No. 11-11450, 2011 WL 2936198, at *1 (E.D. Mich. July 21,
2011) (acknowledging that the *pro se* plaintiff's complaint did not
"contain a short and plain statement of the claims" as required by
Rule 8(a)(2) or "set forth claims in numbered paragraphs" as

required by Rule 10(b), but "declin[ing] to dismiss the complaint
on these grounds."); see also Robinette v. Ohio Health Outreach
Labs, No. 2:16-CV-406, 2016 WL 5421001, at *3 (S.D. Ohio Feb. 29,
2016) ("Failure of a *pro se* plaintiff to comply with Fed. R. Civ.
P. 10(b) and use numbered paragraphs does not prevent [the
defendant] from interpreting the allegations against it.").

The undersigned notes, however, that Turner's motion consists
almost entirely of legal argument and citations, offering very few
facts regarding his disability or the underlying employment action
taken by the USPS. Legal arguments and citations are improper in
a complaint and do nothing to support the plausibility of a
plaintiff's claims. See Hessmer v. Bad Gov't, No. 3:12-cv-590,
2012 WL 3945315, at *1 (M.D. Tenn. Sept. 10, 2012), report and
recommendation adopted, 2012 WL 5197759 (M.D. Tenn. Oct. 19, 2012)
("The lengthy complaint consists mostly of legal argument . . . ,
and citations to purported legal authority; it contains a relative
paucity of factual allegations."); see also Moore v. McCalla
Raymer, LLC, 916 F. Supp. 2d 1332, 1342 (N.D. Ga. 2013) ("The
complaint contains whole paragraphs of legal argument, quotations,
and citations which have no place in a complaint."). Including
legal arguments and citations in a complaint can serve as a basis
for granting a motion to strike. See, e.g., Allstate Ins. Co. v.
OMIC, No. 17-13908, 2018 U.S. Dist. LEXIS 230296, at *18 (E.D.

- 27 -

Mich. Sept. 24, 2018) (granting a defendant's motion to strike allegations containing "unfounded legal argument" because "[t]hese allegations are improper legal conclusions that add nothing relevant to the complaint."). Accordingly, if the court were to construe the motion for judicial review as an amended complaint and decide that it survives the grounds for dismissal discussed in the sections above, there is a basis for granting the MSPB's motion to strike.[9] However, in light of the undersigned's recommendation of dismissal, it is recommended that the motion to strike be denied as moot.

### III. RECOMMENDATION

Based on the above, it is recommended that the motion to dismiss be granted, that Turner's motion for judicial review be denied, and that the MSPB's motion to strike be denied as moot.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

July 29, 2021
Date

---

[9]If the motion to strike is granted, the portions of the amended pleading to be stricken include Turner's lengthy discussion of legal precedent regarding ex parte communications, the VEOA, and constructive suspension. (ECF No. 16, at 2-3.)

- 28 -

NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**