The IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| GREGORY TURNER,<br>    Plaintiff,<br>v.<br>MERIT SYSTEMS PROTECTION BOARD,<br>    Defendant. | No. 20-cv-2613-SHL-tmp |

**ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING PLAINTIFF LEAVE TO AMEND**

Before the Court is the Report and Recommendation ("Report") filed by Chief Magistrate Judge Tu M. Pham on July 29, 2021, (ECF No. 20), Plaintiff's Objection, (ECF No. 21), filed August 11, 2021, and Defendant's Limited Objection for Clarification, (ECF No. 22), filed August 12, 2021. The Report recommends that Defendant's Motion to Dismiss be granted, that Plaintiff's Motion for Judicial Review be denied, and that Defendant's Motion to Strike be denied as moot. (Id.) Plaintiff's filing, though styled on the docket as an Objection, does not contain any objections to the factual findings in the Report; it is a two-sentence request to amend his Complaint. (ECF No. 21.) Defendant's Objection likewise does not object to any recommendations in the Report and seeks only to clarify a portion of the Report's discussion as to the determination of the proper defendant. (ECF No. 22.)

A magistrate judge may submit to a judge of the court proposed findings of fact and recommendations for dismissal of a complaint for failure to state a claim. 28 U.S.C. § 636(b)(1)(B). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and

recommendations." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1).  A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects.  Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. § 636(b)(1).

Having reviewed the Report and the Parties' filings thereto, the Court now **ADOPTS** the Report.  Neither Plaintiff's Complaint nor his subsequent filing (construed as a Motion for Judicial Review of the Merit System Protection Board's ruling), (ECF Nos. 1, 16), are brought against the proper defendant.[1]  Additionally, Plaintiff failed to exhaust his claim under the Veterans Employment Opportunities Act of 1998 and improperly raises issues outside the scope of the underlying Merit Systems Protection Board decision.  Thus, Plaintiff's claims are **DISMISSED** and Plaintiff's Motion for Judicial Review is **DENIED**.  Finally, Defendant's Motion to Strike is **DENIED AS MOOT.**

However, the Court finds good cause to **GRANT** Plaintiff leave to amend his Complaint, although the Court expresses no opinion as to whether an Amended Complaint will survive further review.  If he chooses to do so, Plaintiff is **ORDERED** to file an Amended Complaint within **21 days** of the date of this Order.  Failure to file an Amended Complaint may result in the dismissal of his claims.

**IT IS SO ORDERED,** this 27th day of August, 2021.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
UNITED STATES DISTRICT JUDGE

---

[1] Defendant filed an objection "only for clarification of supporting case authority" to the Report's analysis determining that the proper defendant is the Postmaster General.  (ECF No. 22 at PageID 148.)  Given that Defendant does not challenge this conclusion, nor any of the Report's recommendations, the Court need not take a position on Defendant's clarification.