```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
```
_____

| | |
|---|---|
| **GREGORY TURNER,** | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 20-2613-SHL-tmp |
| | ) |
| **MERIT SYSTEMS PROTECTION BOARD,** | ) |
| **and MARTIN J. WALSH, SECRETARY** | ) |
| **OF LABOR,** | ) |
| | ) |
|     Defendants. | ) |

_____

**REPORT AND RECOMMENDATION**
_____

Before the court is a motion to dismiss filed by defendants Merit Systems Protection Board ("MSPB") and Secretary of Labor Martin J. Walsh on September 28, 2021.[1] (ECF No. 25.) Plaintiff Gregory Turner filed his *pro se* complaint against the MSPB on August 17, 2021, alleging that the United States Postal Service, his former employer, had violated numerous federal anti-discrimination laws, veterans' rights statutes, and civil service regulations. (ECF No. 1.) After an initial round of motions, Turner's original complaint was dismissed but the court granted

---

[1]Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation, as appropriate.

Turner leave to file an amended complaint on August 27, 2021.[2] (ECF No. 24.) Turner filed an amended complaint on September 14, 2021, and the defendants filed the present motion seeking to dismiss it. (ECF No. 24-25.) Turner did not respond to the present motion and the undersigned entered an Order to Show Cause on October 28, 2021. (ECF No. 26.) Turner did not respond to this order either. For the reasons set forth below, the undersigned recommends that Turner's amended complaint be dismissed.

## I. PROPOSED FINDINGS OF FACT

Gregory Turner filed a *pro se* complaint against MSPB on August 17, 2020. (ECF No. 1.) Using a standardized form issued by the clerk's office for *pro se* litigants, Turner checked the box for employment discrimination claims brought pursuant to the Americans

---

[2] While the original complaint was dismissed, the Amended Complaint consists of only supplemental documents and long quotes from statutes and regulations that Turner believes apply to his case. Indeed, many of these documents appear to be the same as those submitted in Turner's prior case before the court on these same facts, where they were dismissed as improperly attached to the complaint. See Turner v. DeJoy, No 2:20-cv-02191-SHL-atc, 2020 WL 5872984, at *1 (W.D. Tenn. Oct. 2, 2020). There, the court granted leave to amend the complaint, noting that "it appears [Turner] is trying to lay out his case through submission of certain documents— as discussed above, this is simply not the proper method to state a claim." Id. Turner never filed an amendment, and the case was then dismissed for failure to prosecute. See Turner v. DeJoy, No. 2:20-cv-02191-SHL-atc (ECF No. 12). Given Turner's failure to respond to the motion and the undersigned's Order to Show Cause, the same appears to have happened here. However, the undersigned nevertheless considers Turner's amended complaint as a supplement to the allegations in the original complaint and will consider both documents together in formulating the facts alleged.

- 2 -

with Disabilities Act ("ADA"), as codified at 42 U.S.C. §§ 12112-12117. (Id. at 1.) Later in the complaint, Turner checked boxes indicating discriminatory conduct by his employer, including failing to accommodate his disability and imposing unequal terms and conditions on his employment. (Id. at 3.) Turner also alleged a violation of the Veterans Employment Opportunities Act of 1998 ("VEOA"), as codified at 5 U.S.C. §§ 3330a-3330b. (Id.)

At the time of the events underlying the complaint, Turner worked for the United States Postal Service ("USPS") as a mail carrier. (ECF No. 1-1 at 1.) Supplemental documentation filed with the amended complaint shows that Turner was injured on the job on October 27, 2006, when attempting to lift a large tray filled with "slick paper catalogues" into his vehicle. (ECF No. 24 at 14.) This caused a disc in Turner's back to rupture and led to years of chronic lower back pain. (Id.) An independent medical evaluation in 2014 showed that Turner had a "degenerative disc disease at the lumbrosacral joint" that caused "limited range of motion in the back" and "permanent" damage. (Id. at 15.) Turner initially filed a "claim for Traumatic injury" on October 31, 2006, with the USPS which was accepted. (Id. at 11.) Due to his physical limitations, Turner was offered a job as a Modified City Carrier on July 11, 2014, but he never worked in this capacity. (Id.) The reasons for this are extremely unclear. At some points, Turner alleges he accepted this job, but that the Postal Service refused to

communicate with him after this. (ECF No. 24 at 3) ("Even after falsely accusing me of refusing to work . . ."); (ECF No. 16 at 1) ("I Gregory Turner signed and accepted the Limited Duty Job Offer from the Agency.") At other points, Turner suggests or states that he declined the job, but had a right to do so under certain veterans' rights statutes. (ECF No. 1 at 4) ("No limited Duty Work Offered, that is Consistent with Physical Limitations"); (ECF No. 24 at 5) ("The United States Postal Service is trying to hide behind the Office of Worker's Compensation Program by using my refusal of the uncompleted Job offer PS form 2499."); (ECF No. 1-1 at 3) ("he stated that he 'made the choice not [to] accept the Limited Duty Offer from the Agency' and that he had the 'rights to refuse.'") Turner has also separately asserted that he was instead "ordered to leave the U.S. Postal Service in September 2014." (ECF No. 24 at 30.) The Department of Labor, MSPB, and other agencies claim that he refused the job. (Id. at 11.)

Regardless, Turner asserts that on December 6, 2014, the USPS began discriminating against him due to his disability and that such acts are still being committed against him.[3] (ECF No. 1 at 3.) In his amended complaint, Turner asserts that "the decision

---

[3] In a separate filing titled "Plaintiff's Request for Judicial Review of MSPB Case For Discrimination," Turner alleges that his first request for a reasonable accommodation was denied on July 11, 2014, and that other denials came on August 29 and November 26. (ECF No. 16 at 1.)

not to Communicate or Interact with me for the last 6 years was the choice of the Agency's form of Discrimination." (ECF No. 24 at 3.) In his original complaint, under the section on the "facts of the case," Turner wrote that the USPS refused the "Interactive Process" when offering him a job, gave him "NonDuty/Pay" without an official written notice, and did not offer him limited duty work consistent with his physical limitations. (Id.)

At some point, Turner filed an internal administrative complaint regarding these issues, which was eventually heard by an Administrative Law Judge ("ALJ") of the MSPB. Turner attached the ALJ's decision to his original complaint. (ECF No. 1-1, at 1.) According to the decision, Turner filed an appeal with the Atlanta Regional Office of the MSPB "alleging that the [USPS] failed to restore him to duty following a compensable injury." Specifically, Turner argued that the USPS violated his VEOA restoration rights under 5 C.F.R. § 353. (Id.) The ALJ stated that "[Turner] is a partially-recovered employee, i.e., one who cannot resume the full range of regular duties but has recovered sufficiently to return to part-time or light duty or to another position with less demanding physical requirements." (Id. at 2.) According to the decision of the ALJ:

> There is no dispute that [Turner] was absent from his position due to a compensable injury, and that in March 2020, he reached out to Deborah Chapman, Station Manager, to return to work in a limited duty position. However, the appellant has not provided nonfrivolous

- 5 -

> allegations that he had recovered sufficiently to return to duty; that the agency had denied his request for restoration; or that the denial was arbitrary and capricious. In his submission dated April 22, 2020, he stated that he "made the choice not [to] accept the Limited Duty Offer from the Agency" and that he had the "right to refuse." He also notes that he had a number of appeals for the last six years and argues that he cannot be placed on a mail route with his restrictions. He also asserts that he has effectively been placed on an indefinite constructive suspension.

(Id. at 3-4) (internal citations and footnote omitted). The ALJ noted that "[a]ny restoration claims prior to the March 2020 request were addressed under Docket Nos. AT-0353-14-0838-I-1, AT0752-15-0199-I-1, AT-0353-16-0826-I-1, AT-0353-17-0732-I-1, and AT-0353-20-0023-I-1," and that "[t]he Federal Circuit Court of Appeals affirmed the decisions under Docket Nos. AT-0353-14-0838-I-1, AT-0752-15-0199-I-1."[4] (Id. at 4 n.2 (citing Turner v. United States Postal Serv., 681 F. App'x 934 (Fed. Cir. 2017).) Accordingly, the ALJ dismissed Turner's appeal for lack of jurisdiction.

In sum, Turner alleges he was wrongfully denied reasonable accommodations for his disability in the form of modified employment and that the USPS has refused to communicate with him about his employment status since this denial. He argues that the original job offer of Modified Mail Carrier was inadequate and

---

[4] The court takes judicial notice of the published proceedings of the Federal Circuit Court of Appeals in Turner v. United States Postal Serv., 681 F. App'x 934 (Fed. Cir. 2017).

that he had a right to refuse it due to his status as a preference eligible veteran under the VEOA. He claims his refusal required the USPS to offer him a different position better suited to his physical limitations. He further argues that the USPS's failure to communicate since he rejected the offer amounts to "an indefinite constructive suspension." As described above, these arguments were rejected by the MSPB when Turner appealed the USPS's decision internally. See (ECF No. 1-1.) After the MSPB's denial, Turner filed this case in federal court, suing the MSPB for both the underlying substantive claims as well as what he claimed were procedural defects in the MSPB's decision. (ECF No. 1.)

## II.  PROPOSED CONCLUSIONS OF LAW

### A.  Standard of Review

To avoid dismissal for failure to state a claim under Rule 12(b)(6), "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)); see also Fed. R. Civ. P. 12(b)(6). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Center for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 678). Without factual allegations in support, mere legal

conclusions are not entitled to the assumption of truth. Iqbal, 556 U.S. at 679.

While courts liberally construe *pro se* pleadings, even a *pro se* complaint must satisfy the plausibility standard. Barnett, 414 F. App'x at 786; see also Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996) ("[T]he lenient treatment generally accorded to pro se litigants has limits."). "Courts 'have no obligation to act as counsel or paralegal' to *pro se* litigants." Matthews v. City of Memphis, No. 2:14-cv-02094, 2014 WL 3049906, at *1 (W.D. Tenn. July 3, 2014) (quoting Pliler v. Ford, 542 U.S. 225, 231 (2004)). "Courts are also not 'required to create' a *pro se* litigant's claim for him." Id. (quoting Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003)).

**B.   MSPB's Motion to Dismiss the Amended Complaint**

1.   Proper Defendant Under the Rehabilitation Act

As stated in the undersigned's original Report and Recommendation, Turner's claims of disability discrimination cannot be maintained against the USPS under the Americans with Disabilities Act ("ADA"), since the USPS is not included in the ADA's definition of "employer." 42 U.S.C. § 12111(5)(B)(i); see also Ellis v. Christopher, No. 12-2221-STA-tmp, 2015 WL 419024, at *1 n.1 (W.D. Tenn. Jan. 30, 2015) ("The ADA does not apply to the federal government, its agencies or employees."); Rose v. Runyon, 43 F.3d 1472, 1994 WL 696151, at *1 (6th Cir. 1994) ("The district

court properly found no cause of action [against the USPS] under the ADA, because the Act specifically provides that the United States is not an "employer.") Disability discrimination claims against the USPS are instead properly brought under the Rehabilitation Act, and the undersigned construes Turner's claims as brought under that statute. Verkade v. United States Postal Serv., 378 F. App'x 567, 577 (6th Cir. 2010) ("The Rehabilitation Act, 29 U.S.C. § 791 *et seq.*, rather than the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, provides the exclusive remedy for USPS employees asserting a claim of disability discrimination.")

The undersigned previously found that any standalone claim of disability discrimination under the Rehabilitation Act must be brought against "the head of a federal agency or department," or in this case the Postmaster General. (ECF No. 20 at 10-11); see also Hood v. Brennan, No. 15-1937, 2017 U.S. App. LEXIS 21166, at *6 (6th Cir. Feb. 3, 2017) ("The Postmaster General is the proper defendant in an employment discrimination action against the USPS.") This conclusion was subsequently adopted by the presiding district judge. (ECF No. 23.) Despite multiple orders, opinions, and articulations of this requirement, including in prior cases Turner has brought related to these very facts, Turner's amended complaint does not name the Postmaster General. See Turner v. DeJoy, No 2:20-cv-02191-SHL-atc, 2020 WL 5872984, at *1 (W.D. Tenn.

Oct. 2, 2020). To the extent his complaints assert a standalone claim of disability discrimination under the Rehabilitation Act, the undersigned recommends that these claims be dismissed.

    2.   <u>Proper Defendant in Judicial Review of a "Mixed Case"</u>

However, it is possible to read Turner's complaints not as asserting a standalone discrimination claim, but instead as requesting judicial review of the underlying MSPB decision under the Civil Service Reform Act. In the undersigned's original Report and Recommendation, the undersigned noted that "mixed cases," or cases "in which a federal employee complains of a serious adverse employment action taken against them" that violates the Civil Service Reform Act and "attributes the action, in whole or in part, to bias based on race, gender, age, or disability" may be properly appealed from the MSPB into federal court. (ECF No. 20 at 12, 13) (quoting <u>Perry v. Merit Sys. Prot. Bd.</u>, 137 S. Ct. 1975, 1988 (2017)). When such an appeal is made, the procedural requirements of the federal antidiscrimination statute governing the discrimination claims apply. <u>See</u> 5 U.S.C. § 7703(b)(2); <u>Stone v. Merit Sys. Prot. Bd. Dall. Reg'l Office</u>, 875 F.2d 867, 1989 WL 51403, at *1 (6th Cir. 1989). Typically, this includes the requirement that "the suit must be brought against the head of the involved federal agency in his official capacity." <u>Id.</u>

As discussed in the prior Report and Recommendation, there is no doubt that Turner's case is a "mixed case" governed by 5 U.S.C.

§ 7703(b)(2). Since Turner's discrimination claim lies under the Rehabilitation Act, which incorporates the "remedies, procedures, and rights" of Title VII claims, Turner was required to follow Title VII procedures when appealing his case into federal district court. 29 U.S.C. § 794(a)(1); see also Hiler v. Brown, 177 F.3d 542, 545 (6th Cir. 1999). Cases brought pursuant to Title VII must be pled against "the head of the department, agency, or unit" accused of the underlying discrimination. 42 U.S.C. § 2000e-16(c). Here, the relevant agency head, and thus proper defendant, is the Postmaster General.[5] (ECF No. 20 at 18.) As noted above, Turner

---

[5] In the original Report and Recommendation, the undersigned found that the Postmaster General was the proper defendant after an extensive analysis of Federal Circuit and Supreme Court precedent explaining the interaction of 5 U.S.C. §§ 7702(a)(2), 7703(a)(2), 7703(b)(2), and 42 U.S.C. § 2000e-16(c). (ECF No. 20 at 11-19.) That finding partially rested on the undersigned's conclusion that the underlying MSPB decision here addressed both the merits of Turner's discrimination claim as well as the MSPB's own jurisdictional requirements. Based on Federal Circuit cases such as Spuill v. Merit Sys. Prot. Bd., 978 F.2d 679, 686 (Fed. Cir. 1992), and Amin v. Merit Syst. Prot. Bd., 951 F.2d 1247, 1252 (Fed. Cir. 1991), the undersigned found that where an MSPB decision in a mixed case "presents a mixture of both jurisdictional and merits issues," the proper defendant in an appeal to federal district court is the head of the agency allegedly responsible for the underlying discrimination. (ECF No. 20 at 17.) The government did not object to the ultimate conclusion, but filed a Notice in response arguing Perry, 137 S. Ct. at 1987, and Stone, 875 F.2d at 867, required the claimant in a mixed case to name "the agency head, regardless of whether the underlying issues [addressed by the MSPB] were jurisdictional or on the merits." (ECF No. 22 at 2.) The undersigned notes that Perry discarded the jurisdiction/merits distinction in mixed cases insofar as that distinction determined whether a mixed case should be brought in federal district court or the Federal Circuit. Perry, 137 S. Ct. at 1988 ("Accordingly, we hold: 1) the Federal Circuit is the

has still not named the Postmaster General as a defendant. (ECF No. 20 at 18-19, ECF No. 22.) Courts routinely dismiss Title VII and Rehabilitation Act claims brought against improper defendants. See Hancock v. Egger, 848 F.2d 87, 89 (6th Cir. 1988) ("The proper defendant was not named in this [Title VII] action. Adherence to the statute's requirements is mandatory, and we are neither authorized nor inclined to ignore its mandate."); see also Mulhall v. Ashcroft, 287 F.3d 543, 550 (6th Cir. 2002); Young v. Dep't of the Treas., No.2:19-cv-02384-TLP-dkv, 2020 WL 3980796, at *12 (W.D. Tenn. Apr. 9, 2020); Lantz v. United States Postal Serv., No. 2:05-CV-207, 2006 WL 2882347, at *5 (W.D. Mich. Oct. 5, 2006); McDaniel v. Shulkin, No. 1:17 CV 91, 2017 WL 4574549, at *4 (N.D. Ohio Oct. 13, 2017); Johnson v. Bishop, No. 07-CV-13190, 2008 WL 1766647, at *6 (E.D. Mich. Apr. 16, 2008); McGhee v. United States Postal Serv., No. 06-CV-10337-DT, 2006 WL 1851261, at *2 (E.D. Mich. June 29, 2006); Leeds v. Potter, No. 1:04-CV-429, 2005 WL 1420866, at *3 (S.D. Ohio June 15, 2005). While Turner's amended

---

proper review forum when the MSPB disposes of complaints arising solely under the CSRA; and 2) in mixed cases . . . the district court is the proper forum for judicial review.") Essentially, Perry dealt with forum and not pleading. Perry did not say whether prior precedent using the jurisdiction/merits distinction to determine the proper defendant in mixed cases was now overruled. Despite Perry's statements that the jurisdiction/merits distinction could prove "unworkable," the Court has not explicitly abandoned it in this area. Id. at 1987. Perhaps this implication flows naturally, but regardless, it is unnecessary to decide this issue; the Postmaster General is the proper defendant here.

complaint adds the Secretary of Labor as a defendant, the Postmaster General remains unnamed. Because of this failure, the undersigned recommends the complaint be dismissed. See Stone, 1989 WL 51403, at *1.

    3.   VEOA Claims

Separate from his disability discrimination claims, Turner argues that the Postal Service violated his rights under the Veterans Employment Opportunity Act ("VEOA"). The VEOA grants certain employment rights to "preference eligible" veterans and the right to sue if those rights are violated. "[A] preference eligible who alleges that an agency has violated such individual's rights under any statute or regulation relating to veterans' preference may file a complaint with the Secretary of Labor," and a "decision of the Secretary of Labor may then be appealed with the MSPB if certain requirements are met." Johnson v. Sec'y of Veterans Affairs, No. 07-12750, 2008 WL 420023, at *3 (E.D. Mich. Feb. 13, 2008) (citing 5 U.S.C. § 3330a(d)(1) and (2)). If a preference eligible veteran seeks to pursue an appeal to the MSPB, they must notice the Secretary of Labor and provide the MSPB with evidence that the Secretary of Labor has been noticed. See 5 U.S.C. § 3330a(d)(1) & (2). Alternatively, a preference eligible veteran can appeal directly to federal district court as long as the MSPB

is notified and certain deadlines are met.[6] Johnson, 2008 WL 420023, at *3 (citing 5 U.S.C. §§ 3330b(b), 3330b(c), and 5 C.F.R. § 1208.24(a)). Whichever path is chosen is exclusive; the statute does not allow plaintiffs to appeal the Secretary's decision to federal court and the MSPB at the same time. Id.

Turner attached documents to his amended complaint that suggest he filed a complaint with the Department of Labor in September 2016.[7] (ECF No. 24 at 25-29.) This complaint was denied after the Department of Labor determined that Turner does not meet Preference Eligible status under 5 U.S.C. § 2108(4) and 5 C.F.R. §§ 432 at 752.[8] (Id. at 32.) However, while Turner has asserted VEOA violations in this case, there is no evidence he followed the proper notice procedures to remove his VEOA claims to federal court. See Lucy-Evans v. Dep't of Veterans Affairs, No.1:15-CV-432, 2015 WL 7002912, at *2 n.4 (N.D. Ohio Nov. 10, 2015). Instead,

---

[6]These requirements were explained in depth in the undersigned's original Report and Recommendation. (ECF No. 20 at 19-22.)

[7]The court has previously stated that merely attaching documents "is simply not the proper method to state a claim" and asked Turner to amend his complaint into the proper form, but Turner has consistently failed to do so. Turner v. DeJoy, 2020 WL 5872984 at *1. The undersigned is not required to consider these documents but does so for the sake of completeness.

[8]Preference Eligible status typically requires at least one year of continuous service, but Turner's attached service record shows he only served in the Coast Guard for two months before being Honorably Discharged. (ECF No. 24 at 31.)

evidence submitted by Turner in the amended complaint suggests he elected to appeal to the MSPB and that these VEOA claims are currently pending before the Federal Circuit on further appeal.[9] See Turner v. MSPB, No. 20-1650 (Fed. Cir. filed Apr. 3, 2020). Turner may have named the Secretary of Labor as a defendant, but this is not equivalent to filing an administrative claim, having it heard before an ALJ, and then following the required notice procedures for appeal. 5 U.S.C. § 3330a(d)(1) & (2). These failures require that Turner's VEOA claims be dismissed. See Johnson, 2008 WL 420023, at *3 ("The Court agrees that, under the applicable statutory framework, Plaintiff cannot pursue his VEOA claims before this Court because he never filed the requisite election.")

Even if the procedural requirements were met, the MSPB decision before the court does not address Turner's VEOA claims at all. Claimants with mixed cases have a statutory right to seek review of an MSPB final decision by either filing with the Equal Employment Opportunity Commission ("EEOC") or by filing directly in federal district court. Bailey v. Henderson, No. 99-4082, 2000 WL 1434634, at *4 (6th Cir. Sept. 21, 2000) (citing 5 U.S.C. § 7702; 29 C.F.R. 1614.302(b)) (emphasis omitted). However, "this

---

[9] The court takes judicial notice of these proceedings. Further, the Federal Circuit can provide Turner complete relief on these issues. Regardless of procedural flaws, this provides a good reason to avoid parallel litigation. See Multi Holsters LLC v. Tac Pro Inc., No. 17-10438, 2017 U.S. Dist. LEXIS 149844, at *7 (E.D. Mich. Sep. 15, 2017).

right of review is not a right to re-adjudicate the same issues in a different forum," rather it is merely a right to have the underlying MSPB decision reviewed. Ramey v. Ashcroft, No. 4:04 CV 01797, 2005 WL 1637868, at *4 (N.D. Ohio Jul. 12, 2005) (citing McAdams v. Reno, 64 F.3d 1137, 1141 (8th Cir. 1995)). The court may only consider claims properly raised before the ALJ and addressed in the underlying MSPB decision. Any other claims are outside of the court's jurisdiction. Reno, 64 F.3d at 1144 ("The record indicates that McAdams abandoned her discrimination claims at the MSPB. The district court thus properly determined that it lacked jurisdiction to consider them.")

As discussed in the original Report and Recommendation, there is no evidence that Turner raised any VEOA violations in his MSPB appeal. (ECF No. 20 at 21.) Turner's amended complaint does not dispute this or provide evidence that his VEOA claim was brought before the ALJ. Instead, he has only provided evidence that suggests these claims were already heard and are currently pending before another court. The MSPB's decision does not mention any VEOA issues or claims. Since this court's review is limited to the underlying MSPB decision, Turner's VEOA claims must be dismissed on these grounds as well.

    4.   <u>Constructive Suspension Claims</u>

Outside of his VEOA and discrimination claims, Turner also alleges that the USPS constructively suspended him without first

providing a required pre-disciplinary interview. These claims were briefly addressed by the ALJ but found to be "subsumed in the restoration appeals process." (ECF No. 1-1 at 5 n.4.) Since Turner's restoration claims had previously been addressed by the MSPB in separate cases and heard by the Federal Circuit on appeal, the ALJ declined to consider them.[10] (ECF No. 1-1 at 4 n.2.) The ALJ based this decision on the holding of Kinglee v. United States Postal Serv., 2010 M.S.P.B. 153, ¶ 19 (2010), and the government agrees that the case directly controls. As the undersigned detailed in the original Report and Recommendation:

> In Kinglee, the Board acknowledged that constructive suspension claims may arise "when an employee who is absent from work for medical reasons asks to return to work with altered duties, and the agency denies the request." Id. at ¶ 17 (citation omitted). However, the Board found that the "rights and remedies" associated with the appellant's constructive suspension claim regarding the period of time he was not assigned work were "subsumed in the restoration appeal process." Id. at ¶ 19. The Board explained that "the appellant's absence, even if deemed to be agency-initiated, stemmed from the agency's determination that it lacked operationally necessary tasks within the appellant's medical restrictions. Whether the agency acted properly in making this determination constitutes the merits of his restoration appeal." Id. at ¶ 20 (internal citation omitted). The Board emphasized that "viewing the appellant's constructive suspension claim as subsumed by the restoration claim is consistent with the principle of excluding other avenues of relief where a comprehensive scheme exists regarding the rights and

---

[10]The ALJ specifically noted that these claims had already been heard in Docket Nos. AT-0353-14-0838-I-1, AT-0752-15-0199-I-1, AT-0353-16-0826-I-1, AT-0353-17- 0732-I-1, and AT-0353-20-0023-I-1 and were heard by the Federal Circuit in Turner v. United States Postal Serv., 681 F. App'x 934 (Fed. Cir. 2017).

remedies at issue." Id. at ¶ 22 (citing United States v. Fausto, 484 U.S. 439 (1988)); see also 5 C.F.R. §§ 353.301, .304.

(ECF No. 20 at 24-25.) Nothing in Turner's amended complaint challenges this legal finding. Turner's constructive suspension claims are subsumed within his restoration claims. Since these claims have already been heard and were not properly before the ALJ below, the undersigned recommends that they be dismissed.

### III.   RECOMMENDATION

Based on the above, it is recommended that the defendants' Motion to Dismiss be granted.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

December 2, 2021
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**