IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| GREGORY TURNER, )<br> Plaintiff, )<br>)<br>v. )<br>)<br>MERIT SYSTEMS PROTECTION BOARD )<br>and MARTIN J. WALSH, SECRETARY )<br>OF LABOR, )<br> Defendants. ) | No. 20-cv-2613-SHL-tmp |

**ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING
DEFENDANTS' MOTION TO DISMISS**

  Before the Court is the Report and Recommendation ("Report") filed by Chief Magistrate Judge Tu M. Pham on December 2, 2021, (ECF No. 27), and Plaintiff's Objection, (ECF No. 28), filed on December 12, 2021.  The Report recommends granting Defendant Merit Systems Protection Board ("MSPB") and Secretary of Labor Martin J. Walsh's Motion to Dismiss.  (ECF No. 25).  Plaintiff's Objection does not contain any specific objections to the factual findings or recommendations in the Report.  Rather, Plaintiff appears to attempt to use this filing to correct his Amended Complaint's procedural defects.  Because the Report contains no clear error, the Court **ADOPTS** the Report.

  A magistrate judge may submit to a judge of the court proposed findings of fact and recommendations for dismissal of a complaint for failure to state a claim.  28 U.S.C. § 636(b)(1)(B).  "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1).  A district court

reviews de novo only those proposed findings of fact or conclusion of law to which a party specifically objects. Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. § 636(b)(1).

The Report recommends dismissal of Plaintiff's Amended Complaint, in part because his discrimination claim, which the magistrate judge construed under the Rehabilitation Act, failed to name the United States Postal Service's ("USPS") Postmaster General as the proper defendant as required by statute. See Hood v. Brennan, No. 15-1937, 2017 U.S. App. LEXIS 21166, at *6 (6th Cir. Feb. 3, 2017) ("The Postmaster General is the proper defendant in an employment discrimination action against the USPS."). Plaintiff does not dispute this statutory requirement, nor does he deny that he failed to bring his action against the proper defendant. Instead, Plaintiff "moves" to amend his Amended Complaint under Rule 15(c)(1)(C) by adding the Postmaster General's name and title to his Objection's caption.

Under Rule 15(c)(1)(C), an amendment that changes the naming of a party relates back to the original pleading, and is therefore permissible, if, within the period provided for serving the complaint, the party received notice of the action and knew or should have known that the action would have been brought against it but for a mistake concerning the proper party's identity. Fed. R. Civ. P. 15(c). Here, there is no such mistake. The first report and recommendation issued in this case, which the Court adopted, described the statutory pleading requirement for Plaintiff's discrimination claim and identified the Postmaster General as the proper defendant. (See ECF No. 20 at PageID 126-134.) Thus, before Plaintiff filed his Amended Complaint, he knew and had the opportunity to bring his discrimination claim against the Postmaster General but simply failed to do so. So, even if Plaintiff's amendment met the other requirements under Rule 15, the Court finds Plaintiff cannot rely on this Rule to correct his pleading error.

The Report also found that, although Plaintiff asserted Veterans Employment Opportunity Act ("VEOA") violations in this case, "there is no evidence he followed the proper notice procedures to remove his VEOA claims to federal court." (ECF No. 27 at PageID 209.) Plaintiff does not dispute this finding. Instead, he asserts that he made two attempts to exhaust his VEOA claims "with the Department of Labor but was discriminated against." (ECF No. 28 at PageID 215.) This vague assertion, however, does not excuse his procedural failure. Plaintiff must do more than attempt to exhaust administrative remedies: he must fully satisfy all jurisdictional requisites before this Court may review his claims.

Thus, finding no specific objections and no clear error, Plaintiff failed to meet his burden under Rule 72. The Court **ADOPTS** the Report, **GRANTS** Defendants' Motion and **DISMISSES** Plaintiff's claims.

**IT IS SO ORDERED,** this 28th day of December, 2021.

s/ Sheryl H. Lipman  
SHERYL H. LIPMAN  
UNITED STATES DISTRICT JUDGE
